United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MICHAEL KEITH MOORE, | Case No.  16-cv-00065-JSC |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| UCSF MEDICAL CENTER AT MOUNT ZION, | |
| Defendant. | |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983 against a hospital, the University of California San Francisco Medical Center at Mount Zion ("Mt. Zion Hospital").[1]  He seeks records from when he was allegedly treated there in 1980.  His application to proceed *in forma pauperis* is granted in a separate order.  For the reasons explained below, the complaint is dismissed without leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Dkt. 3.)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## LEGAL CLAIMS

Plaintiff alleges that he has attempted to obtain records from Mt. Zion Hospital showing that he was admitted there on August 28, 1980, and discharged on September 1, 1980.  He wants these records to show that he could not have been at the location of a crime for which he was charged that occurred on August 31, 1980, when he was in the hospital.  He attaches to his complaint correspondence from Mt. Zion Hospital responding to his requests by informing him that they have no record of a patient with his name being admitted there.  He seeks a subpoena requiring Mt. Zion Hospital to "go into their archives and locate the micro-fish film [sic]" where his attendance records are kept and forward such records to him.

Plaintiff's allegations do not state a cognizable claim for relief under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Assuming that Mt. Zion Hospital is a state actor, Plaintiff has alleged no constitutional right or other federal law, and the Court is not aware of any, requiring Mt. Zion Hospital to search for the medical records he seeks.  Furthermore, the attachments to his complaint indicate that UCSF searched for the records but none were found.  If Plaintiff believes that search was

United States District Court
Northern District of California

2

inadequate, he may seek a subpoena in his criminal proceedings, but he may not obtain one via a complaint under Section 1983.

Leave to amend is not warranted because it is clear that Plaintiff can prove no set of facts regarding Mt. Zion Hospital's search for records that would amount to a violation of federal law. *See Weilburg v. Shapiro,* 488 F.3d 1202, 1205 (9th Cir. 2007) (a pro se complaint may be dismissed for failure to state a claim "where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

## CONCLUSION

The complaint is DISMISSED for failure to state a cognizable claim for relief.  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January 28, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge